J-S89036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JHILEEL BURTON | |
| Appellant | No. 1055 EDA 2016 |

Appeal from the PCRA Order March 11, 2016
in the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000116-2013

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED APRIL 07, 2017**

Appellant, Jhileel Burton, appeals from the order of the Montgomery County Court of Common Pleas denying his Post Conviction Relief Act[1] ("PCRA") petition. Appellant's counsel, John W. Aitchison, Esq., has filed an ***Anders*** brief,[2] which we shall regard as a ***Turner/Finley*** brief.[3] We remand

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We reiterate that "[c]ounsel petitioning to withdraw from **PCRA representation** must proceed not under ***Anders*** but under [***Turner*** and ***Finley***]." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (emphasis added). However, "[b]ecause an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

the record in this matter and direct counsel to file a separate petition to withdraw from representation in this Court.

Instantly, Appellant's counsel has not filed a separate petition to withdraw as counsel in this Court. Counsel's brief includes, as appendices, a petition to withdraw from representation and a copy of a letter informing Appellant of his right to proceed *pro se* or with new counsel. App. D & Ex. A. to "**Anders**" Brief. The petition to withdraw refers to an attached certificate of service. Although counsel has certified that he served a copy of the brief, which would presumably include the appendix and exhibit, we cannot find a copy of a separate certificate of service for counsel's petition to withdraw or his letter to Appellant.

It is well settled that

> PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that . . . the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

**Widgins**, 29 A.3d at 818 (citations omitted).

Thus, when confronted with the filing of a no-merit brief and a request to withdraw in this Court, this Court's threshold duty is to ensure that the appellant has been provided with adequate notice of his counsel's intent to withdraw from representation. **See id.** Accordingly, in an abundance of caution to ensure proper notice to Appellant, we direct counsel to file a separate petition to withdraw in this Court and inform Appellant of his rights

on appeal. ***See Widgins***, 29 A.2d at 818. Counsel shall also submit a certification that Appellant has been served with the petition, counsel's no-merit brief, and a letter informing Appellant of his right to proceed immediately either *pro se* or with private counsel. Counsel shall comply with within fourteen days of this decision. Appellant shall have thirty days from the date of counsel's service of his petition and accompanying documents to respond or seek an extension of time to respond in this Court. The record shall be remanded to the trial court for a period not to exceed forty-five days.

Record remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017